# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| ANTONIO FORD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:10CV108 SNLJ |
| | ) | |
| PEMISCOT COUNTY JUSTICE CENTER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Antonio Ford (registration no. 517106), an inmate at Southeast Correctional Center, for leave to commence this action without payment of the required filing fee [Doc. #2]. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $1.50. See 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must

assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $7.50, and an average monthly balance of $0.13. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $1.50, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or

fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989); Denton v. Hernandez, 112 S. Ct. 1728, 1733 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

**The Complaint**

Plaintiff brings this action under 42 U.S.C. § 1983. Named as defendants are the Pemiscot County Justice Center, Jerry Carter (Jail Supervisor), Tommy Greenwell (Sheriff), Danny Dodson (Medical Officer), Fred W. Copeland (Judge), and Michael Hazel (Prosecutor). Plaintiff seeks monetary relief.

Plaintiff alleges that on August 11, 2009, while he was incarcerated at the Pemiscot County Justice Center (the "Justice Center"), he developed a sharp pain in his right leg when he got out of his bunk in the morning. Plaintiff says he requested to be and was seen by defendant Dodson. Plaintiff claims that Dodson said he probably hurt his leg doing an unusual exercise and that Dodson gave plaintiff Ibuprofen for the pain. Plaintiff states that over the next few days he asked Dodson that he be taken to the emergency room but that Dodson replied that defendant Carter

would not provide clearance. Plaintiff alleges that during that time Dodson diagnosed plaintiff with having gout or a pulled muscle.

Plaintiff claims that on August 17, 2009, he had a court hearing. Plaintiff says that Dodson provided him with a wheelchair, so that he could go. Plaintiff claims that at this time his pain was intense.

Plaintiff states that when he was in court he attempted to get his bail reduced. Plaintiff maintains that defendant Hazel objected and that defendant Copeland refused to lower his bail. Plaintiff says later that night he had two seizures but that nobody came to see him.

Plaintiff avers that on August 18, 2009, Dodson arranged for him to see a doctor. Plaintiff claims that his doctor told him that he had cellulitis in his leg and that he had a staph infection.

Plaintiff maintains that on August 20, 2009, defendant Copeland placed plaintiff on his own recognizance. Plaintiff was in the Pemiscot Memorial Health System at that time. Plaintiff says that after he was released he was transferred to the St. Francis Medical Center in Cape Girardeau. Plaintiff claims that he saw an orthopedist at St. Francis who told him he required immediate surgery or that he was in danger of losing his leg. Plaintiff says he went to surgery and had to stay in the

hospital for over three weeks afterwards. Plaintiff alleges that he suffers lasting injuries as a result of the incident.

## Discussion

Plaintiff's claim against the Justice Center is legally frivolous because the Justice Center is not a suable entity. Ketchum v. City of West Memphis, Ark., 974 F.2d 81, 81 (8th Cir. 1992) (departments or subdivisions of local government are "not juridical entities suable as such."); Catlett v. Jefferson County, 299 F. Supp. 2d 967, 968-69 (E.D. Mo. 2004) (same).

The complaint is silent as to whether the individual defendants are being sued in their official or individual capacities. Where a "complaint is silent about the capacity in which [plaintiff] is suing defendant, [a district court must] interpret the complaint as including only official-capacity claims." Egerdahl v. Hibbing Community College, 72 F.3d 615, 619 (8th Cir. 1995); Nix v. Norman, 879 F.2d 429, 431 (8th Cir. 1989). Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). To state a claim against a municipality or a government official in his or her official capacity, plaintiff must allege that a policy or custom of the government entity is responsible for the alleged constitutional violation. Monell v. Dep't of Social Services, 436 U.S. 658, 690-91

(1978). The instant complaint does not contain any allegations that a policy or custom of a government entity was responsible for the alleged violations of plaintiff's constitutional rights. As a result, the complaint fails to state a claim upon which relief can be granted as to each of the individual defendants.

The complaint is legally frivolous as to defendant Copeland because judges are "entitled to absolute immunity for all judicial actions that are not 'taken in a complete absence of all jurisdiction.'" Penn v. United States, 335 F.3d 786, 789 (8th Cir. 2003) (quoting Mireles v. Waco, 502 U.S. 9, 11-12 (1991)).

The complaint is legally frivolous as to defendant Hazel because where "the prosecutor is acting as advocate for the state in a criminal prosecution, [] the prosecutor is entitled to absolute immunity." Brodnicki v. City of Omaha, 75 F.3d 1261, 1266 (8th Cir. 1996).

"Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990); see also Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege that defendant was personally involved in or directly responsible for the incidents that injured plaintiff); Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995) (respondeat superior theory inapplicable in § 1983 suits). In the instant action, plaintiff has not set forth any facts indicating that

defendants Greenwell, Copeland, or Hazel were directly involved in or personally responsible for the alleged medical mistreatment. As a result, the complaint fails to state a claim upon which relief can be granted as to these defendants.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $1.50 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this  16th  day of August, 2010.

STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE